UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

v.                                                           CASE NO.  8:88-CR-27-T-17MAP

MICHAEL LEE WHITAKER.

_____/


ORDER

This cause is before the Court on:

Dkt. 47    Motion for Termination of Parole
Dkt. 49    Second Motion for Termination of Parole
Dkt. 52    Response, with Exhibits
Dkt. S-54 PSR

Defendant Michael Lee Whitaker requests that the Court exercise its inherent jurisdiction under Fed. R. Crim P. 35(b)(1980) to terminate the term of parole to prevent a miscarriage of justice where the sentence has been satisfied.  The Certificate of Service indicates that  Defendant Whitaker served Defendant's Motion on the Parole Commission as well as the U.S. Attorney (Dkt. 48, p. 6).

Defendant Whitaker argues that Defendant Whitaker has served a total of twenty-four and a half years against a twenty year sentence, when factoring in the credit for time spent on parole.  Defendant Whitaker argues that the extended term of parole exceeds the twenty years imposed by the Court at the time of sentencing, and to prevent a manifest miscarriage of justice, the Court should terminate the extended term of three years of parole that will be enforced by the U.S. Parole Commission upon Defendant's release on May 16, 2015.

Case No. 8:88-CR-27-T-17AEP

Defendant Whitaker relies on the Notice of Action dated September 22, 2014, which states "No change in presumptive parole date of May 7, 2015, and parole effective May 7, 2015." (Dkt. 48, p., 8). A Notice of Action dated August 5, 2013, which followed a parole revocation hearing on July 11, 2013, states: "Revoke parole. All of the time spent on parole shall be credited. Continue to a presumptive re-parole on May 7, 2015 after service of 24 months. This presumptive parole date is conditioned upon you maintaining good institutional conduct and the development of a suitable release plan." (Dkt. 48, p. 14). A Certificate of Parole dated March 4, 2011 orders Defendant to be paroled on March 4, 2011 and remain under parole supervision through May 22, 2018. (Dkt. 48, p. 12). A Certificate of Parole dated May 5, 2015 orders Defendant to be paroled on May 7, 2015, and to remain under parole supervision through May 22, 2018 (attached, Exh. 1).

Defendant's Second Motion requests a writ of mandamus for a ruling on Defendant's Motion for Termination of Parole, and states that the Parole Commission has not responded to Defendant's Motion.

The Government responds that Fed. R. Crim. P. 35 does not permit a correction or reduction of sentence twenty-seven years after a sentence is imposed, and fourteen years after the United States Parole Commission determines the length of parole supervision. The Government further argues that Defendant Whitaker's history of supervised release and parole violation warrants keeping the current period of parole supervision intact.

I. Background

Defendant Whitaker was sentenced in this case on June 14, 1988 as follows:

Case No. 88-CR-27-T-17AEP

    Counts 6,7,8      46 months, with a five year term of supervised release

    Counts 1 - 5       20 years each, to run concurrent with sentence on Counts 6,7,8

A term of supervised release of five years was imposed.

      In the Indictment (Dkt. 52-1), Defendant Whitaker was charged with violations of 18 U.S.C. Sec. 2113(a), for bank robberies which took place on September 15, 1987, September 16, 1987, September 29, 1987, October 7, 1987, October 15, 1987, December 7, 1987, December 15, 1987, and December 21, 1987. Defendant was sentenced pursuant to the Sentencing Guidelines as to Counts 6, 7 and 8. Defendant was sentenced pursuant to pre-Sentencing Guidelines criteria as to Counts 1 through 5. The Judgment states that Defendant is eligible for parole pursuant to 4205(b)(2), is to receive drug counseling, and is to receive educational and vocational evaluation and training (Dkt. 52-2, p. 2). 18 U.S.C. Sec. 4205(b)(2) provides that "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine."

      The Court notes that there are differences between Defendant's account of the sentence Defendant has served, and the Government's account of the sentence Defendant has served.

      The Government states that Defendant Whitaker was released from custody on July 8, 1993 to a term of parole supervision, after serving five years and one month of his twenty-year sentence. (Dkt. S-54, p. 16).

      In the Motion, Defendant Whitaker states Defendant served a term of incarceration from July 14, 1988 until October 10, 1991; after a transfer to FCI

Case No. 88-CR-27-T-17AEP

Marianna, Defendant served his sentence from October 23, 1991 until June 12, 1993, when Defendant was released on parole.

The Government states that Defendant Whitaker absconded from supervision on July 20, 1993, and a parole violation warrant was issued. (Dkt. S-54, p. 16). Defendant Whitaker was arrested again on March 13, 1995 in the Southern District of Florida. Defendant Whitaker was charged with twelve counts of bank robbery which were committed from July 12, 1994 to February 28, 1995. (Dkt. S-54, pp. 3-7). Defendant Whitaker entered a guilty plea to seven counts of bank robbery, pursuant to a plea agreement. (Dkt. S-54, p. 3). On January 26, 1996, Judge William J. Zloch of the Southern District of Florida sentenced Defendant Whitaker to a term of imprisonment of ten years (sentence on each count to run concurrently), a term of supervised release of three years on each count, and restitution (Dkt. 52-4). At the time of sentencing, the U.S. Parole Commission warrant for violation of parole is noted as a detainer. (Dkt. S-54, p. 1).

Defendant Whitaker was paroled on May 9, 2004, and ordered to remain under parole supervision through May 22, 2018 (Dkt. 52-4, Dkt. 48, p. 12).

The Court has examined the docket for Case No. 9:95-CR-8033-WJZ. The Court notes that Defendant's term of supervised release in Case No. 9:95-CR-8033-WJZ commenced on April 29, 2005. The conditions of Defendant's supervised release were modified (Dkts. 57, 58). Defendant Whitaker was charged with a violation of supervised release in April, 2006 (Dkt. 59). The Court takes judicial notice of the Detention Order of April 10, 2006 (Dkt. 66), which states that Defendant's probation officer will request that the United States Parole Commission issue a warrant for Defendant's arrest for violation of parole in Case No. 8:88-CR-27-T-17AEP. The Detention Order reflects that "Defendant was released on parole and supervised release after serving five years in prison [as to Case No. 8:88-CR-27-T-17AEP]. As a result of Defendant's conviction in

4

Case No. 88-CR-27-T-17AEP

Case No. 9:95-CR-8033-WJZ, Defendant's parole and supervised release were revoked. After serving nine years of incarceration, Defendant was released, leaving at least six years to serve from the parolable twenty year sentence, in the event that Defendant's parole is revoked in that case." (Dkt. 66, p. 2). The Detention Order also reflects that, "at the time the Southern District of Florida bank robberies were committed, Defendant Whitaker had absconded from parole and supervised release." (Dkt. 66, p. 3). Defendant Whitaker's supervised release was revoked on May 5, 2006; Defendant was committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no further supervised release to follow (Dkt. 69).

In Defendant's Motion, Defendant Whitaker states that Defendant appeared before the Parole Board in February, 2004 for a revocation hearing; the term of parole was revoked and all time spent on parole was credited to his 20-year sentence. Defendant Whitaker further states that Defendant began serving the remainder of his sentence on May 24, 2004. Defendant Whitaker did not include any information as to Defendant's arrest for bank robberies committed in the Southern District of Florida in 1995, and the subsequent sentence for the additional criminal activity. The bank robberies in 1995 were a "new law violation" which was committed while Defendant was released on parole but had "absconded from supervision."

On July 16, 2004, the Court conducted a Final Revocation Hearing, at which Defendant Whitaker's supervised release was revoked and Defendant Whitaker was remanded to the custody of the Attorney General for eighteen months, with credit for time served since November 27, 2003. (Dkts. 46, 47).

Defendant's parole was again revoked pursuant to Defendant's acceptance of an Expedited Revocation Proposal dated June 25, 2008, with a presumptive parole date on December 13, 2008 after service of ten months (Dkt. 48, p. 15). Defendant Whitaker was released on parole on March 4, 2011 (Dkt. 48, p. 12), to remain under

Case No. 88-CR-27-T-17AEP

parole supervision through May 22, 2018. After a hearing on July 11, 2013, Defendant Whitaker's parole was revoked on August 5, 2013, with a presumptive parole date of May 7, 2015. (Dkt. 48, p. 14). A progress report dated September 22, 2014 states "No change in presumptive parole date of May 7, 2015 and parole effective May 7, 2015." (Dkt. 48, p. 8). Defendant was paroled on May 7, 2015, and is to remain under parole supervision until May 22, 2018. (Exhibit 1, attached).

II. Discussion

Defendant Whitaker is proceeding pro se. The Court therefore liberally construes Defendant's Motion. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. Den., 499 U.S. 979 (1991)(federal courts obliged to "look behind the label" of a pro se motion to determine if cognizable remedy available).

1) Rule 35

Defendant Whitaker's Motion to Terminate Parole is brought pursuant to Fed. R. Cr. P. 35(b)( "old Rule 35(b)"). In this case, some of the criminal conduct for which Defendant Whitaker was sentenced took place before November 1, 1987, the date the Sentencing Guidelines went into effect, and some of the criminal acts took place after November 1, 1987. Rule 35(b) was amended in 1986. "A petitioner-initiated motion cannot be based on amended Rule 35(b). However, if the petitioner's offense was committed prior to November 1, 1987, old Rule 35(b) is available to support petitioner-initiated motions." Fernandez v. U.S., 941 F.2d 1488 (11th Cir. 1991).

"Old Rule 35(b)" states in part that a "motion to reduce sentence may be made...within 120 days after the sentence is imposed..., or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order...of the Supreme Court denying

Case No. 88-CR-27-T-17AEP

review of the judgment of conviction." Defendant's Motion was filed on December 9, 2014, which is not within 120 days of any of the events referenced in Rule 35(b). A court has no authority to extend the 120-day period and has no jurisdiction over a Rule 35(b) motion filed after that period runs. United States v. Addonizio, 442 U.S. 178, 189 (1979); In re United States, 898 F.2d 1485, 1487 (11th Cir. 1990).

After consideration, the Court denies Defendant's Motion for Termination of Parole pursuant to Fed. R. Crim. P. Rule 35(b) for lack of jurisdiction.

2) 28 U.S.C. Sec. 2241

The United States Parole Commission directed that Defendant Whitaker remain under parole supervision through May 22, 2018 on April 26, 2004. (Dkt. 52-4). Defendant Whitaker did not seek review of that decision within thirty days in accordance with 18 U.S.C. Sec. 4215(a). Defendant Whitaker does not allege that Defendant was denied a hearing pursuant to 18 U.S.C. Sec. 4214. The Court notes that, in addition to the sentence Defendant served for additional bank robberies, Defendant's parole was revoked many times. Pursuant to 18 U.S.C. Sec. 4210(b)(2) and (c), it is within the jurisdiction of the U.S. Parole Commission to determine whether unexpired time shall run concurrently or consecutively with the sentence for a new offense, and when a parolee is found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission, or any agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond.

As to early termination, the Commission may terminate supervision over a parolee prior to the termination of jurisdiction under Sec. 4210 on its own motion, or upon the request of the parolee, pursuant to 18 U.S.C. Sec. 4211. Sec. 4211 provides for review of the status of a parolee to determine the need for continued supervision

Case No. 88-CR-27-T-17AEP

two years after the parolee's release on parole.

A writ of habeas corpus is the correct procedure for review of actions taken by Parole Commission, as the challenge is to the execution of the sentence. Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985)(challenge to lawfulness of Commission's actions cannot be brought pursuant to Sec. 2255; appropriate form of challenge is to seek writ of habeas corpus; where petitioner incarcerated outside district, on remand the District Court would be directed to dismiss for lack of jurisdiction). The Court does not have jurisdiction under 28 U.S.C. Sec. 2255 merely because the U.S. Parole Commission prolongs the defendant's period of incarceration beyond the time contemplated by the district court. U.S. v. Plain, 748 F.2d 620 (11th Cir. 1984).

At this point, the Court does not know specific basis on which the Commission determined the expiration of parole supervision to be May 22, 2018. The Court notes only that the decision to set the termination date for Defendant's parole supervision was made while the U.S. Parole Commission had jurisdiction, there is a substantial basis in the record for that decision, and Defendant Whitaker did not seek review of the decision when it was made. Defendant Whitaker was released on parole on May 7, 2015. At the time that Defendant filed Defendant's Motion, Defendant was in custody in the Southern District of Florida. To the extent that Defendant Whitaker's Motion may be construed as a habeas petition, the Court denies the Motion for lack of jurisdiction.

3) Writ of Mandamus

Defendant Michael Whitaker was released on parole on May 7, 2015. Pursuant to 18 U.S.C. Sec. 4211, a review of Defendant's status is due two years after that date. To the extent that Defendant's Motions are construed as a request for a writ of mandamus directing the United States Parole Commission to conduct a hearing, the Court denies Defendant's Motions. Accordingly, it is

Case No. 88-CR-27-T-17AEP

**ORDERED** that Defendant Whitaker's Motion for Early Termination under Rule 35(b) is **denied** for lack of jurisdiction; to the extent that Defendant Whitaker's Motion is construed as a habeas petition, the petition is **denied** for lack of jurisdiction; to the extent that Defendant's Motions are construed as a request for writ of mandamus, Defendant's Motions are **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of June, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record